

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES G. CONNELL, III,

      7604 Eden Wood Court
      Bethesda, MD 20817

                  Plaintiff,

v.

THE UNITED STATES CENTRAL INTELLIGENCE
AGENCY

      Washington, D.C. 20505

                 Defendant.

Case: 1:21−cv−00627
Assigned To : Cooper, Christopher R.
Assign. Date : 3/8/2021
Description: FOIA/Privacy Act (I−DECK)

## COMPLAINT FOR INJUNCTIVE RELIEF

    1.  Plaintiff, James G. Connell, III, brings this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552, demanding production of documents responsive to plaintiff's 23 May 2017 FOIA request related to operational control by the Central Intelligence Agency over Guantanamo Bay detainees from 1 September 2006 to 31 January 2007, which defendant CIA has improperly withheld from plaintiff.

    2.  This Court has jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

    3.  Because part or all of the responsive records are located in this District, venue lies in this District under 28 U.S.C. § 1391(e) and 5 U.S.C. §552(a)(4)(B).

    4.  Plaintiff, James G. Connell III, is a defense attorney and is the requester of the records which CIA is now withholding. Plaintiff has requested this information for use in a pending criminal trial and prompt release of the information is essential to the case.  This complaint is based entirely on unclassified information.

    5.  Defendant, Central Intelligence Agency, is an agency as prescribed in 5 U.S.C. § 551(1) and 5 U.S.C. § 552(f) and has possession of the documents that Mr. Connell seeks.

    6.  The redacted Executive Summary of the *Senate Select Committee on Intelligence Committee Study of the Central Intelligence Agency's Detention and Interrogation Program* (released December 9, 2014), page 160, noted that, "After the 14 CIA detainees arrived at the

U.S. military base at Guantanamo Bay, they were housed in a separate building from other U.S. military detainees and remained under the operational control of the CIA."

7. On June 13, 2016, CIA released a heavily redacted *Memorandum of Agreement Between the Department of Defense (DOD) and the Central Intelligence Agency (CIA) Concerning the Detention by DoD of Certain Terrorists at a Facility at Guantanamo Bay Naval Station*, dated September 1, 2006.

8. On May 23, 2017, Mr. Connell requested from CIA under FOIA "any and all information that relates to such 'operational control' of the CIA over Guantanamo Bay detainees including but not limited to the document cited in footnote 977" of the redacted Executive Summary. Attachment 1.

9. On 8 February 2018, CIA asked Mr. Connell for more specificity to his request. Attachment 2.

10. On 8 March 2018, Mr. Connell complied with CIA's request for more specificity, including limiting the date range to the period September 1, 2006 to January 31, 2007. Mr. Connell provided examples of areas of operational control to help direct CIA with their search:

> "(1) Whether CIA "operational control" included only Camp 7 or extended to other facilities such as Echo 2;
> (2) What organization had decision-making authority over Camp 7;
> (3) Whether CIA "operational control" ended before or after 31 January 2007;
> (4) Whether the "operational control" involved CIA personnel, whether employees or contractors;
> (5) Any detainee records maintained by the CIA during the period of "operational control" such as Detainee Inmate Management System records or the equivalent;
> (6) How other agencies would obtain access to detainees during the period of "operational control["], such as a Memorandum of Understanding with the Federal Bureau of Investigation or Criminal Investigative Task Force;
> (7) How the facilities transitioned from CIA "operational control" to DOD "operational control."

Attachment 3.

7. Despite the properly placed request, CIA failed to provide a response within the statutorily mandated time frame of 20 working days. On January 16, 2019, Mr. Connell requested an update on the status of the FOIA request. Attachment 4. On September 29, 2020, CIA responded to Mr. Connell's FOIA request by providing one redacted document and wrongfully claiming that CIA can neither confirm nor deny the existence of additional documents pursuant to FOIA exemptions (b)(1) and (b)(3). Attachment 5.

8.  On December 16, 2020, Mr. Connell submitted an administrative appeal under FOIA, refuting CIA's *Glomar* response and FOIA exemption claims under (b)(1) and (b)(3). Attachment 6.

9.  Mr. Connell has a right of access to the requested information under 5 U.S.C. § 552(a)(3) and there is no legal basis for CIA's failure to turn over all of the requested documentation that properly does not fall under a FOIA exemption.

WHEREFORE, Mr. Connell respectfully requests that this Court:

(1) Order CIA to produce all documents that are responsive to Mr. Connell's FOIA request;

(2) Expedite this proceeding as provided for in 28 U.S.C. § 1657;

(3) Award plaintiff reasonable attorney fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(4) grant plaintiff such other relief as the Court deems appropriate.

Respectfully submitted,

James G. Connell, III

Dated: March 4, 2021

**Attachments**

1. May 23, 2017 initial FOIA request
2. February 8, 2018 CIA's request for specificity
3. March 8, 2018 Mr. Connell's response providing additional specificity
4. January 16, 2019 Mr. Connell's letter requesting status update
5. September 29, 2020 CIA partial denial of FOIA request
6. December 16, 2020 Mr. Connell's administrative appeal

# Attachment 1



**CONNELL LAW, L.L.C.**
P.O. BOX 141
CABIN JOHN, MD 20818
(703) 588-0407

Informational and Privacy Coordinator
Central Intelligence Agency                                       23 May 2017
Washington, DC 20505

Dear FOIA Officer,

This is a request under the Freedom of Information Act.

**Description of request:** In the Report: "Senate Select Committee on Intelligence:
Committee Study of the Central Intelligence Agency's Detention and Interrogation
Program" reads on page 160:

"After the 14 CIA detainees arrived at the U.S. military base at Guantanamo Bay, they
were housed in a separate building from other U.S. military detainees and remained under
the operational control of the CIA." [*Footnote 977* - CIA Background Memo for CIA
Director Visit to Guantanamo, December ▮, 2006, entitled Guantanamo Bay High-Value
Detainee Detention Facility].

I request for any and all information that relates to such "operational control" of the CIA
over Guantanamo Bay detainees including but not limited to the document cited in the
footnote 977.

I am willing to pay up to $100 for the processing of this request. Please inform me if the
estimated fees will exceed this limit before processing my request.

I am seeking information for personal use and not for commercial use.

Thank you,

James G. Connell III
Attorney
P.O. Box 141 Cabin John, MD 20818 USA
(703) 588-0407
jconnell@connell-law.com


Attachment: Page 160 of SSCI report

# Attachment 2

Central Intelligence Agency



Washington, D.C. 20505

8 February 2018

James G. Connell III, Esq.
Connell Law, L.L.C.
P.O. Box 141
Cabin John, MD 20818

Reference: F-2017-01877

Dear Mr. Connell:

This is further to our 24 October 2017 letter regarding your 23 May 2017 Freedom of Information
Act (FOIA) request for **any and all information that relates to such "operational control" of
the CIA over Guantanamo Bay detainees including but not limited to the document cited in
the footnote 977 [from the Senate Select Committee on Intelligence: Committee Study of the
Central Intelligence Agency's Detention and Interrogation Program report].**

Your request as written is quite broad and cannot be searched as it lacks specificity. As set forth in
the FOIA, a proper FOIA request must "reasonably describe" the records sought. Pursuant to
CIA's FOIA regulations, set forth at 32 CFR Part 1900, "reasonably described" means that the
records must be described sufficiently to enable professional employees familiar with the subject
matter to locate responsive information with a reasonable amount of effort.

Therefore, we are reaching out for clarification regarding the scope of your request in order to
understand what information you are trying to obtain. We need you to provide more details about
the specifics of your request in order to assist us in understanding your request to help us in our
search efforts. It would be most helpful if you could provide the aspects of operational control that
interest you, as well as a specific a period of time you would like us to search. We will hold your
request in abeyance for 45 days from the date of this letter pending your response.

Sincerely,

Allison Fong
Information and Privacy Coordinator

# Attachment 3

8 March 2018

Allison Fong
Information and Privacy Coordinator
Central Intelligence Agency
Washington, DC 20505

Reference: F-2017-01877

Dear Ms. Fong:

Thank you for your letter dated 8 February 2018.

In your letter, you ask for a specific period of time.  The specific period of time in which I am interested is 1 September 2006 to 31 January 2007.

In your letter, you ask for "the aspects of operational control that interest" me.  In summary, I am seeking to determine what "operational control" means.  By way of example and not limitation, please find following a list of possible topics.  Please note that by listing these topics, I am not implying that responsive information actually exists, only that I would be interested in information if it did exist.

   (1) Whether CIA "operational control" included only Camp 7 or extended to other facilities such as Echo 2;

   (2) What organization had decision-making authority over Camp 7;

   (3) Whether CIA "operational control" ended before or after 31 January 2007;

   (4) Whether the "operational control" involved CIA personnel, whether employees or contractors;

   (5) Any detainee records maintained by the CIA during the period of "operational control," such as Detainee Inmate Management System records or the equivalent;

   (6) How other agencies would obtain access to detainees during the period of "operational control, such as a Memorandum of Understanding with the Federal Bureau of Investigation or Criminal Investigative Task Force;

   (7) How the facilities transitioned from CIA "operational control" to DOD "operational control."

The document cited at footnote 977 of the SSCI report, which I specifically requested,  is "CIA Background Memo for CIA Director visit to Guantanamo, December 2006, entitled Guantanamo Bay High-Value Detainee Detention Facility."  I am already aware of Document 6541712, the Memorandum of Understanding between the Department of Defense and the CIA regarding detention at Guantanamo Bay.

Please provide the responsive documents at your earliest convenience.

Best regards,

James G. Connell, III

# Attachment 4

16 January 2019

James G. Connell III
P.O. Box 141
Cabin John, MD 20818-0414
(703) 623-8310
jconnell@connell-law.com

Allison Fong
Information and Privacy Coordinator
Central Intelligence Agency
Washington, DC 20505

Reference: F-2017-01877

Dear Ms. Fong or Current FOIA Officer,

I am writing to request an update and that you expedite the processing of the above reference
FOIA request. I have not received any update since my last letter dated 8 March 2018 in which I
provided additional information that you requested in your letter dated 18 February 2018.

The "compelling need" for this expedited process is that the documents are required as part of
evidence needed for a pending criminal trial. I am a defense attorney representing Ammar al
Baluchi in an active death penalty case before the United States' military commissions. We have
currently scheduled hearings for this trial in January and March of this year. The information
from the request is necessary for the fair adjudication of that trial. If this information is not
obtained my client may lose the opportunity to fairly present his case in court. Further, given that
this is a death penalty trial, the importance of a full presentation of the matters with all of the
available evidence cannot be understated. Therefore, please expedite this request so that the
documents are received prior to the next hearing.

If you are unable to expedite the request, please advise of the appropriate appellate procedures. If
you do not respond to this letter, I will consider my request denied and respond accordingly.

Regards,


James G. Connell III

3 Attachments:
1. Request, dated 23 May 2017
2. Interim Response, dated 18 February 2018
3. Follow-up Response, dated 8 March 2018



# CONNELL LAW, L.L.C.
### P.O. BOX 141
### CABIN JOHN, MD 20818
### (703) 588-0407

Informational and Privacy Coordinator
Central Intelligence Agency                                    23 May 2017
Washington, DC 20505

Dear FOIA Officer,

This is a request under the Freedom of Information Act.

**Description of request:** In the Report: "Senate Select Committee on Intelligence:
Committee Study of the Central Intelligence Agency's Detention and Interrogation
Program" reads on page 160:

"After the 14 CIA detainees arrived at the U.S. military base at Guantanamo Bay, they
were housed in a separate building from other U.S. military detainees and remained under
the operational control of the CIA." [*Footnote 977* – CIA Background Memo for CIA
Director Visit to Guantanamo, December ■, 2006, entitled Guantanamo Bay High-Value
Detainee Detention Facility].

I request for any and all information that relates to such "operational control" of the CIA
over Guantanamo Bay detainees including but not limited to the document cited in the
footnote 977.

I am willing to pay up to $100 for the processing of this request. Please inform me if the
estimated fees will exceed this limit before processing my request.

I am seeking information for personal use and not for commercial use.

Thank you,

James G. Connell III
Attorney
P.O. Box 141 Cabin John, MD 20818 USA
(703) 588-0407
jconnell@connell-law.com

Attachment: Page 160 of SSCI report

Central Intelligence Agency



Washington, D.C. 20505

8 February 2018

James G. Connell III, Esq.
Connell Law, L.L.C.
P.O. Box 141
Cabin John, MD  20818

Reference: F-2017-01877

Dear Mr. Connell:

This is further to our 24 October 2017 letter regarding your 23 May 2017 Freedom of Information Act (FOIA) request for **any and all information that relates to such "operational control" of the CIA over Guantanamo Bay detainees including but not limited to the document cited in the footnote 977 [from the Senate Select Committee on Intelligence: Committee Study of the Central Intelligence Agency's Detention and Interrogation Program report].**

Your request as written is quite broad and cannot be searched as it lacks specificity.  As set forth in the FOIA, a proper FOIA request must "reasonably describe" the records sought.  Pursuant to CIA's FOIA regulations, set forth at 32 CFR Part 1900, "reasonably described" means that the records must be described sufficiently to enable professional employees familiar with the subject matter to locate responsive information with a reasonable amount of effort.

Therefore, we are reaching out for clarification regarding the scope of your request in order to understand what information you are trying to obtain.  We need you to provide more details about the specifics of your request in order to assist us in understanding your request to help us in our search efforts.  It would be most helpful if you could provide the aspects of operational control that interest you, as well as a specific a period of time you would like us to search.  We will hold your request in abeyance for 45 days from the date of this letter pending your response.

Sincerely,

Allison Fong
Information and Privacy Coordinator

8 March 2018

Allison Fong
Information and Privacy Coordinator
Central Intelligence Agency
Washington, DC 20505

Reference: F-2017-01877

Dear Ms. Fong:

Thank you for your letter dated 8 February 2018.

In your letter, you ask for a specific period of time.  The specific period of time in which I am interested is 1 September 2006 to 31 January 2007.

In your letter, you ask for "the aspects of operational control that interest" me.  In summary, I am seeking to determine what "operational control" means.  By way of example and not limitation, please find following a list of possible topics.  Please note that by listing these topics, I am not implying that responsive information actually exists, only that I would be interested in information if it did exist.

    (1) Whether CIA "operational control" included only Camp 7 or extended to other facilities such as Echo 2;

    (2) What organization had decision-making authority over Camp 7;

    (3) Whether CIA "operational control" ended before or after 31 January 2007;

    (4) Whether the "operational control" involved CIA personnel, whether employees or contractors;

    (5) Any detainee records maintained by the CIA during the period of "operational control," such as Detainee Inmate Management System records or the equivalent;

    (6) How other agencies would obtain access to detainees during the period of "operational control, such as a Memorandum of Understanding with the Federal Bureau of Investigation or Criminal Investigative Task Force;

    (7) How the facilities transitioned from CIA "operational control" to DOD "operational control."

The document cited at footnote 977 of the SSCI report, which I specifically requested,  is "CIA Background Memo for CIA Director visit to Guantanamo, December 2006, entitled Guantanamo Bay High-Value Detainee Detention Facility."  I am already aware of Document 6541712, the Memorandum of Understanding between the Department of Defense and the CIA regarding detention at Guantanamo Bay.

Please provide the responsive documents at your earliest convenience.

Best regards,

James G. Connell, III

# Attachment 5

Central Intelligence Agency

Washington, D.C. 20505

29 September 2020

James G. Connell III, Esq.
Connell Law, L.L.C.
P.O. Box 141
Cabin John, MD  20818

Reference: F-2017-01877

Dear Mr. Connell:

This letter is a final response to your 23 May 2017 Freedom of Information Act request for **any and all information that relates to such "operational control" of the CIA over Guantanamo Bay detainees including but not limited to the document cited in the footnote 977 [from the Senate Select Committee on Intelligence: Committee Study of the Central Intelligence Agency's Detention and Interrogation Program report].**  On 8 March 2018 you have amended your request to cover the date range from 1 September 2006 to 31 January 2007 for documents on the following subjects:

1. **Whether CIA "operational control" included only Camp 7 or extended to other facilities such as Echo 2;**
2. **What organization had decision-making authority over Camp 7;**
3. **Whether CIA "operational control" ended before or after 31 January 2007;**
4. **Whether the "operational control" involved CIA personnel, whether employees or contractors;**
5. **Any detainee records maintained by the CIA during the period of "operational control," such as Detainee Inmate Management System records or the equivalent;**
6. **How other agencies would obtain access to detainees during the period of "operational control, such as a Memorandum of Understanding with the Federal Bureau of Investigation or Criminal Investigative Task Force";**
7. **How the facilities transitioned from CIA "operational control" to DOD "operational control."**

We processed your request in accordance with the FOIA, 5 U.S.C. § 552, as amended, and the CIA Information Act, 50 U.S.C. § 3141, as amended.  We completed a thorough search for records responsive to your request and located the enclosed document, consisting of three pages. Please note that this document was previously released in conjunction with this or other release programs.

With respect to any other records, in accordance with Section 3.6(a) of Executive Order 13526, the CIA can neither confirm nor deny the existence or nonexistence of records responsive to your request. The fact of the existence or nonexistence of such records is itself currently and properly classified and is intelligence sources and methods information protected from disclosure by

Section 6 of the CIA Act of 1949, as amended, and Section 102A(i)(l) of the National Security Act of 1947, as amended.  Therefore, your request is denied pursuant to FOIA exemptions (b)(1) and (b)(3).

As the CIA Information and Privacy Coordinator, I am the CIA official responsible for this determination.  You have the right to appeal this response to the Agency Release Panel, in my care, within 90 days from the date of this letter.  Please include the basis of your appeal.

Please be advised that you may seek dispute resolution services from the CIA's FOIA Public Liaison or from the Office of Government Information Services (OGIS) of the National Archives and Records Administration.  OGIS offers mediation services to help resolve disputes between FOIA requesters and Federal agencies.  Please note, contacting CIA's FOIA Public Liaison or OGIS does not affect your right to pursue an administrative appeal.

| To contact **CIA** directly or to appeal the CIA's response to the Agency Release Panel: | To contact the **Office of Government Information Services (OGIS)** for mediation or with questions: |
|---|---|
| Information and Privacy Coordinator<br>Central Intelligence Agency<br>Washington, DC 20505<br>(703) 613-3007 (Fax)<br>(703) 613-1287 (CIA FOIA Public Liaison /<br>FOIA Hotline) | Office of Government Information Services<br>National Archives and Records<br>Administration<br>8601 Adelphi Road – OGIS<br>College Park, MD 20740-6001<br>(202) 741-5770<br>(877) 864-6448<br>(202) 741-5769 (Fax) / ogis@nara.gov |

If you have any questions regarding our response, you may contact the CIA's FOIA Hotline at (703) 613-1287.

Sincerely,

Mark Lilly
Information and Privacy Coordinator

Enclosure

C06677259

Approved for Release: 2018/07/09 C06677259

977-186

(b)(1)
TOP SECRET/ (b)(3) CIAAct
(b)(3) NatSecAct

## Proposed Itinerary for DCIA Visit to Guantanamo Bay
### 21 December 2006

| Time | Event | Remarks |
|------|-------|---------|
| 0845 | VIP arrival | (b)(1)<br>(b)(3) NatSecAct |
| 0915 | Arr Officer's Landing | |
| 0930 | Rolling tour of Camp Delta | |

(b)(1)
(b)(3) NatSecAct

| Time | Event | Remarks |
|------|-------|---------|
| 1440 | Arr NEX | (b)(1)<br>(b)(3) NatSecAct |
| 1505 | Arr Officer's Landing | |
| 1525 | Arr Leeward Pier | |
| 1530 | VIP Departure | |

(b)(1)
TOP SECRET (b)(3) CIAAct
(b)(3) NatSecAct

Approved for Release: 2018/07/09 C06677259

C06677259

Approved for Release: 2018/07/09 C06677259

TOP SECRET// | (b)(1)<br>(b)(3) CIAAct<br>(b)(3) NatSecAct | //NOFORN//MR

## Guantanamo Bay High-Value Detainee Detention Facility

(b)(1)
(b)(3) CIAAct
(b)(3) NatSecAct

**Current Detainees:**
To date, CIA has sent fourteen high-value detainees to the high-value detention center at GTMO (Please see attachment A for their names and background information). Upon their arrival at site, all detainees are subject to the same general in-processing utilized by DoD for other detainees arriving at GTMO, including being provided a thorough medical exam by the on-site DoD physician, as well as any needed dental and psychiatric care. Per current detainee standards, each of the high value detainees is assigned a private room, basic amenities, and limited reading material. All detainees are offered daily solo recreation in a large outdoor area, as well as joint recreation time with another detainee, during which the two detainees can interact socially.

**Criteria for Future Detainees:**
In order for a detainee to be considered for transfer from the CIA program to GTMO, first the detainee must no longer be of significant intelligence value. Second, a determination must be made that the detainee would be subject to trial by military commission, as outlined by the Military Commission Act of 2006. Third, a policy decision must be made that the US Government desires to prosecute the individual in a U.S. military commission, vice transferring the detainee to a third country. Last, the Department of Defense must agree to the transfer of the detainee to GTMO.

**End Game:**
The CIA desires to maintain custody of any given detainee only so long as that detainee continues to provide significant intelligence. Once that has been accomplished (b)(1)                                                                    the
(b)(3) CIAAct                                    (b)(3) CIAAct
(b)(3) NatSecAct                                (b)(3) NatSecAct

(b)(1)
(b)(3) CIAAct
(b)(3) NatSecAct

Approved for Release: 2018/07/09 C06677259

C06677259

Approved for Release: 2018/07/09 C06677259

(b)(1)
(b)(3) CIAAct

TOP SECRET/     (b)(3) NatSecAct      /NOFORN//MR

CIA's end game is to ensure that the detainee, if deemed a continuing threat, is either [                                                          ]

[                            ] or transferred to GTMO to stand trial before a Military Commission.   Once at GTMO, CIA's end game is to assist DoD in any way possible in the Military Commission process, while at the same time protecting CIA equities.

(b)(1)
(b)(3) CIAAct
(b)(3) NatSecAct

(b)(1)
(b)(3) CIAAct
(b)(3) NatSecAct

Approved for Release: 2018/07/09 C06677259

# Attachment 6

16 December 2020

James G. Connell, III
PO Box #141
Cabin John, MD 20818-0414
Tel: (703) 588-0407
jconnell@connell-law.com

Agency Release Panel
c/o Mark Lilly
Information and Privacy Coordinator
Central Intelligence Agency
Washington, D.C. 20505

Reference: F-2017-01877

To the Agency Release Panel of the Central Intelligence Agency,

This letter constitutes an administrative appeal under the Freedom of Information Act (referred to as "FOIA") regarding F-2017-01877. This appeal is timely submitted within the 90-day period established by your denial letter of 29 September 2020.

At page 160 (189 of the PDF) of the 9 December 2014 SSCI report titled *Committee Study of the Central Intelligence Agency's Detention and Interrogation Program* (referred to as the "SSCI Report") the Agency officially released the following information: "After the 14 CIA detainees arrived at the U.S. military base at Guantanamo Bay, they were housed in a separate building from other U.S. military detainees and remained under the operational control of the CIA.[977]" Footnote 977 referenced a "CIA Background Memo for CIA Director visit to Guantanamo, December [21], 2006, entitled Guantanamo Bay High-Value Detainee Detention Facility." In your 29 September 2020 letter, you released this memo claiming exemption 1 and 3 under the Freedom of Information Act. Under Executive Order 13526, Section 3.6(a) you then neither confirm nor deny the existence or nonexistence of records in bad faith. This document specifically references the "fourteen high-value detainees" in "attachment A" which includes "their names and background information." This information has already been released as unclassified within the SSCI Report and is specifically provided by footnote 982.

At the very least, the SSCI Report and related public sourced documents shows the existence of operational control with documentation between the dates of 1 September 2006 and 31 January 2007. *See* SSCI Report footnote 41 (page 29 of the PDF), 978 (page 189 of the PDF), 981 (page 190 of the PDF). I am also already aware of Document 6541712, the Memorandum of Understanding between the Department of Defense and the CIA regarding detention at Guantanamo Bay. Along with the SSCI Report, there has already be a public acknowledgement of CIAs operational control over Guantanamo Bay, and specifically during the time period requested. *See President Discusses Creation of Military Commissions to Try Suspected Terrorists*, Sep. 6, 2006; *ACLU v. CIA*, 710 F.3d 422 (D.D. Cir. 2013); and *Afshar*, 702 F.2d at 1133 (D.D. Cir. 1983). The Agency should be able to provide additional information that qualifies as "reasonably segregable portion of a record" under 10 U.S.C. § 552(b) as declassified material. *See, e.g., Mead Data Cent., Inc. v. Dep't of the Air Force*, 556 F.2d 242, 260 (D.C. Cir. 1977).

In regards to the seven subjects requested in my 8 March 2018 letter, you have claimed that this material is exempt under FOIA, 5 U.S.C. § 552 and the CIA Information Act, 50 U.S.C. § 3141. The material that I am requesting is the specific subject matter under the SSCI Report, which has been provided by the CIA in such cases this year like *Porup v. CIA,* 2020 U.S. Dist. LEXIS 44963 (D.D. Cir. 2020). The SSCI Report states that the "Committee Study documents the abuses and countless mistakes made between late 2001 and early 2009" and "describes the history of the CIA's Detention and Interrogation Program" to include "a review of each of the 119 known individuals who were held in CIA custody." *SSCI Report* at pages 6-7 of the PDF. Clearly this expansive investigation "require that the CIA search and review its information produced or gathered "concerning… the specific subject matter" of the investigation… under FOIA," which is mandated under the CIA Information Act's subsection (3)(c), 50 U.S.C. § 3141(c)(3). *ACLU v. DOD*, 351 F. Supp. 2d 265, 365 (S.D.N.Y., Feb 2, 2005); *See also Talbot v. CIA*, 315 F. Supp. 3d at 370 (D.D. Cir. 2018); and *Morley v. C.I.A.*, 508 F.3d 1108, 1116, 378 U.S. App. D.C. 411 (D.C. Cir. 2007).

Nor is this material also exempt from production under Section 102(A)(i)(l) of the National Security Act of 1947. The information that I am attempting to obtain is in regards to the Central Intelligence Agency's Detention and Interrogation Program, which has been prohibited by the President. These sources and methods the CIA sought to shield no longer fall within the Agency's mandate. With the elimination of this program, and the passage of time, exemption 1 as it currently stands is not applicable, as the information requested should have portions that are not harmful to national security if released, nor unsegragable from properly classified information. Under Executive Order 13526, Section 1.5(b), there should also exist information as originally classified that is now declassified within the standard 10-year declassification period.

Thank you for your consideration on this appeal. We look forward to hearing from you soon.

Best Regards,


/s/
James G. Connell, III

FILING DEPOSITORY

2021 MAR -5 PM 3:03

FOR THE D.C. CIRCUIT
U.S. COURT OF APPEALS
RECEIVED