# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES G. CONNELL, III<br><br>PLAINTIFF,<br><br>v.<br><br>CENTRAL INTELLIGENCE AGENCY,<br><br>DEFENDANT. | CIVIL ACTION NO. 21-0627 (CRC) |

## ANSWER

Defendant Central Intelligence Agency ("CIA") by and through undersigned counsel, hereby respond to the Complaint of Plaintiff.

## DEFENSES

Defendant alleges the following defenses to claims asserted in the Complaint. In asserting these defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiff. Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of this litigation.

## FIRST DEFENSE

Plaintiff is not entitled to compel the production of records protected from disclosure by one or more of the exemptions or exclusions to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

## SECOND DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by the FOIA.

## THIRD DEFENSE

Plaintiff is neither eligible for nor entitled to attorneys' fees or costs under 5 U.S.C. § 552(a)(4)(A)(iii).

## FOURTH DEFENSE

Plaintiff has not exhausted all applicable administrative remedies to pursue some or all the claims asserted in this Complaint.

## RESPONSES TO THE NUMBERED PARAGRAPHS

Defendant responds below to the separately numbered paragraphs and demand for relief contained in the Complaint. To the extent that any allegation is not explicitly admitted herein, it is denied. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. Defendant answers as follows:

## COMPLAINT

1. Paragraph 1 consists of Plaintiff's characterization of this lawsuit to which no response is required.

2. Paragraph 2 consists of a legal conclusion, not allegations of fact, to which no response is required. To the extent a response is deemed required, Defendant admits that the Court has jurisdiction over this matter.

3. Paragraph 3 consists of a legal conclusion, not allegations of fact, to which no response is required. To the extent a response is deemed required, Defendant admits that venue is proper in this Court.

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first two sentences of paragraph 4. The last sentence of paragraph 4 contains legal conclusions to which no response is required.

5. Defendant admits it is an agency pursuant to 5 U.S.C. §§ 551(1) and 552 (f). Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, as it is unknown whether Defendant possesses any specific document that Plaintiff seeks. The remainder of the paragraph contains legal conclusions to which no response is required.

6. The allegations in paragraph 6 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

7. The allegations in paragraph 7 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

8. Defendant admits receipt of Plaintiff's FOIA request dated on or about May 23, 2017. Defendant respectfully refers the Court to the referenced letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

9. Defendant admits corresponding with Plaintiff by letter dated on or about February 8, 2018. Defendant respectfully refers the Court to the referenced letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

10. Defendant admits receipt of written correspondence from Plaintiff dated on or about March 8, 2018. Defendant respectfully refers the Court to the referenced letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. The remainder of this paragraph contains Plaintiff's characterization of his written correspondence, not allegations of fact, to which no response is required.

7.[1]    The first sentence of this paragraph contains conclusions of law to which no response is required. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence.[2] Defendant admits that by letter dated on or about September 29, 2020, Defendant responded to Plaintiff's FOIA request and provided one responsive record that was processed under FOIA. Defendant respectfully refers the Court to the referenced letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

8.    Defendant denies that it received an administrative appeal letter from Plaintiff dated December 16, 2021, but admits receipt of an administrative appeal letter from Plaintiff dated December 17, 2020. Defendant respectfully refers the Court to Exhibit A for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. The remainder of this paragraph contains Plaintiff's characterization of the content of Plaintiff's written administrative appeal, not allegations of fact, to which no response is required.

9.    This paragraph sets forth conclusions of law to which no response is required.

\*    \*    \*

---

[1] Plaintiff's Complaint re-starts the paragraph numbers with "7" at this paragraph even though this should be paragraph 11. To be consistent with the Complaint, Defendant has adopted Plaintiff's paragraph numbering.

[2] Defendant has not been able to locate the referenced written correspondence from Plaintiff dated January 16, 2019.

The remaining portion of Plaintiff's Complaint contains a request for relief to which no response is required. To the extent a response is deemed necessary, Defendant denies that Plaintiff is entitled to the relief requested.

Dated: May 17, 2021

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar No. 415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By: /s/ *April Denise Seabrook*
APRIL DENISE SEABROOK, D.C. Bar No. 993730
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2525 (telephone)
(202) 252-2590 (facsimile)
April.Seabrook@usdoj.gov

*Counsel for Defendant*

# **CERTIFICATE OF SERVICE**

I certify that on the 17th day of May, 2021, I served the foregoing Answer upon Plaintiff by causing a copy of this document to be sent via United States Postal Service, postage prepaid to the following address:

James G. Connell, III
7604 Eden Wood Court
Bethesda, MD 20817

*/s/ April Seabrook*
APRIL SEABROOK
Assistant United States Attorney