17 December 2020

James G. Connell, III
PO Box #141
Cabin John, MD 20818-0414
Tel: (703) 588-0407
jconnell@connell-law.com

DEC 29 2020

Agency Release Panel
c/o Mark Lilly
Information and Privacy Coordinator
Central Intelligence Agency
Washington, D.C. 20505

Reference: F-2017-01877

To the Agency Release Panel of the Central Intelligence Agency,

This letter constitutes an administrative appeal under the Freedom of Information Act (referred to as "FOIA") regarding F-2017-01877. This appeal is timely submitted within the 90-day period established by your denial letter of 29 September 2020.

At page 160 (189 of the PDF) of the 9 December 2014 SSCI report titled *Committee Study of the Central Intelligence Agency's Detention and Interrogation Program* (referred to as the "SSCI Report") the Agency officially released the following information: "After the 14 CIA detainees arrived at the U.S. military base at Guantanamo Bay, they were housed in a separate building from other U.S. military detainees and remained under the operational control of the CIA.[977]" Footnote 977 referenced a "CIA Background Memo for CIA Director visit to Guantanamo, December [21], 2006, entitled Guantanamo Bay High-Value Detainee Detention Facility." In your 29 September 2020 letter, you released this memo claiming exemption 1 and 3 under the Freedom of Information Act. Under Executive Order 13526, Section 3.6(a) you then neither confirm nor deny the existence or nonexistence of records in bad faith. This document specifically references the "fourteen high-value detainees" in "attachment A" which includes "their names and background information." This information has already been released as unclassified within the SSCI Report and is specifically provided by footnote 982.

At the very least, the SSCI Report and related public sourced documents shows the existence of operational control with documentation between the dates of 1 September 2006 and 31 January 2007. *See* SSCI Report footnote 41 (page 29 of the PDF), 978 (page 189 of the PDF), 981 (page 190 of the PDF). I am also already aware of Document 6541712, the Memorandum of Understanding between the Department of Defense and the CIA regarding detention at Guantanamo Bay. Along with the SSCI Report, there has already be a public acknowledgement of CIAs operational control over Guantanamo Bay, and specifically during the time period requested. *See President Discusses Creation of Military Commissions to Try Suspected Terrorists*, Sep. 6, 2006; *ACLU v. CIA*, 710 F.3d 422 (D.D. Cir. 2013); and *Afshar*, 702 F.2d at 1133 (D.D. Cir. 1983). The Agency should be able to provide additional information that qualifies as "reasonably segregable portion of a record" under 10 U.S.C. § 552(b) as declassified material. *See, e.g., Mead Data Cent., Inc. v. Dep't of the Air Force*, 556 F.2d 242, 260 (D.C. Cir. 1977).

In regards to the seven subjects requested in my 8 March 2018 letter, you have claimed that this material is exempt under FOIA, 5 U.S.C. § 552 and the CIA Information Act, 50 U.S.C. § 3141. The material that I am requesting is the specific subject matter under the SSCI Report, which has been provided by the CIA in such cases this year like *Porup v. CIA,* 2020 U.S. Dist. LEXIS 44963 (D.D. Cir. 2020). The SSCI Report states that the "Committee Study documents the abuses and countless mistakes made between late 2001 and early 2009" and "describes the history of the CIA's Detention and Interrogation Program" to include "a review of each of the 119 known individuals who were held in CIA custody." *SSCI Report* at pages 6-7 of the PDF. Clearly this expansive investigation "require that the CIA search and review its information produced or gathered "concerning... the specific subject matter" of the investigation... under FOIA," which is mandated under the CIA Information Act's subsection (3)(c), 50 U.S.C. § 3141(c)(3). *ACLU v. DOD*, 351 F. Supp. 2d 265, 365 (S.D.N.Y., Feb 2, 2005); *See also Talbot v. CIA*, 315 F. Supp. 3d at 370 (D.D. Cir. 2018); and *Morley v. C.I.A.*, 508 F.3d 1108, 1116, 378 U.S. App. D.C. 411 (D.C. Cir. 2007).

Nor is this material also exempt from production under Section 102(A)(i)(I) of the National Security Act of 1947. The information that I am attempting to obtain is in regards to the Central Intelligence Agency's Detention and Interrogation Program, which has been prohibited by the President. These sources and methods the CIA sought to shield no longer fall within the Agency's mandate. With the elimination of this program, and the passage of time, exemption 1 as it currently stands is not applicable, as the information requested should have portions that are not harmful to national security if released, nor unsegragable from properly classified information. Under Executive Order 13526, Section 1.5(b), there should also exist information as originally classified that is now declassified within the standard 10-year declassification period.

Thank you for your consideration on this appeal. We look forward to hearing from you soon.

Best Regards,

/s/
James G. Connell, III



To: Agency Release Panel
c/o Mark Lilly
Information and Privacy Coordinator
Central Intelligence Agency
Washington, DC 20505

Hand Opened
DEC 22 2020
and Inspected

From: James G. Connell, III
P.O. Box 141
Cabin John, MD 20818



CERTIFIED MAIL
7018 0680 0000 6339 8159



ReadyPost
Document Mailer

20505—