# Attachment D

| UNITED STATES OF AMERICA | AE 711G |
|---|---|
| v. | RULING AND ORDER |
| KHALID SHAIKH MOHAMMAD,<br>WALID MUHAMMAD SALIH<br>MUBARAK BIN 'ATTASH,<br>RAMZI BIN AL SHIBH,<br>ALI ABDUL AZIZ ALI,<br>MUSTAFA AHMED ADAM<br>AL HAWSAWI | Mr. Bin al Shibh's Motion to Compel<br>Production of CIA Records<br>Related to Camp 7<br><br>11 January 2022 |

1. **Procedural History**.

    a. On 31 January 2020, Mr. bin al Shibh moved the Commission to compel production of "any [Central Intelligence Agency (CIA)] records related to Camp 7 that reference Mr. Bin al Shibh's detention, treatment, and conditions, or the Letterhead Memorandum (LHM) interrogations from 2007."[1] On 4 February 2020, the Prosecution responded,[2] requesting the Commission deny Mr. bin al Shibh's motion. On 11 February 2020, Mr. bin al Shibh replied to the Prosecution's response.[3]

    b. The parties presented unclassified oral argument on 2 November 2021[4] and classified oral argument on 12 November 2021.[5]

2. **Law**.

    *a.* **Burden of Proof**. As the moving party, the Defense bears the burden of proving any facts prerequisite to the relief sought by a preponderance of the evidence.[6]

---

[1] AE 711 (RBS), Mr. Bin al Shibh's Motion to Compel Production of CIA Records Related to Camp 7, filed 31 January 2020, at 1.
[2] AE 711A (GOV), Government Response To Mr. Binalshibh's Motion to Compel Production of CIA Records Related to Camp 7, filed 4 February 2020.
[3] AE 711B (RBS), Defense Reply to AE 711A (GOV) Government Response to Mr. Binalshibh's Motion to Compel Production Related to His 2004 Relocation From Guantanamo Bay, filed 11 February 2020.
[4] *See* Unofficial/Unauthenticated Transcript, *United States v. Khalid Shaikh Mohammad et al.*, 2 November 2021, at pp. 34138 – 34169.
[5] *See* Transcript, 12 November 2021, at pp. 34003 - 34057 (TOP SECRET//ORCON/NOFORN).
[6] Rule for Military Commissions (R.M.C.) 905(c)(1)-(2).

b. **Discovery**.

i. Information is discoverable if it is material to the preparation of the defense or exculpatory.[7] The Defense is also entitled to information if there is a strong indication it will play an important role in uncovering admissible evidence; assist in impeachment; corroborate testimony; or aid in witness preparation.[8] Finally, information is discoverable if it is material to sentencing.[9]

ii. As in any criminal case, the Prosecution in a military commission is responsible to determine what information it must disclose in discovery.[10] "[T]he prosecutor's decision on disclosure is final. Defense counsel has no constitutional right to conduct his own search of the State's files to argue relevance."[11] It is incumbent upon the Prosecution to execute this duty faithfully, because the consequences are dire if it fails to fulfill its obligation.[12]

3. **Analysis and Findings**.

a. In the subject motion, Mr. bin al Shibh seeks CIA records pertaining to Camp 7 and to his LHM interrogation to support his pending motion[13] to suppress his statements to the FBI. He argues that he believes such records exist, based on redactions in the Senate Select Committee on Intelligence Report on the Detention and Interrogation Program.

b. In its response to Mr. bin al Shibh's motion, the Prosecution countered that the Department of Defense (DOD), not the CIA, was in charge of Camp 7 at the time of Mr. bin al Shibh's transfer there, and the Prosecution "has provided a myriad of discovery on this subject to date."[14]

---

[7] R.M.C. 701(c)(1-3) and (e); *Brady v. Maryland*, 373 U.S. 83, 87-88 (1963).
[8] *United States v. Lloyd,* 992 F.2d 348, 351 (D.C. Cir. 1993).
[9] R.M.C. 701(e)(3).
[10] R.M.C. 701(b)-(c); *United States v. Briggs*, 48 M.J. 143 (C.A.A.F. 1998); *Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987).
[11] *Ritchie*, 480 U.S. at 59.
[12] *See United States v. Stellato*, 74 M.J. 473 (C.A.A.F. 2015) (finding no abuse of discretion in military judge's dismissal with prejudice of charges due to a Prosecution discovery violation); *United States v. Bowser*, 73 M.J. 889 (A.F. Ct. Crim. App. 2014), *summarily aff'd* 74 M.J. 326 (C.A.A.F. 2015) (same).
[13] AE 629 (RBS), Defense Notice of Classified Filing Pursuant to M.C.R.E. 505(g)(1)(A), filed 10 June 2019. While the unclassified placeholder for this motion refers to a 505(g) notice, the underlying classified filing is Mr. bin al Shibh's Motion to Suppress 2007 FBI Statements as Involuntary.
[14] AE 711A (GOV) at 5.

2

c. In his reply, Mr. bin al Shibh argues that it is still a matter of dispute whether DOD or the CIA controlled Camp 7, and that discovery related to the DOD does not make discovery related to the CIA cumulative or irrelevant.[15]

d. The Commission finds that the requested records pertaining to the conditions of Mr. bin al Shibh's confinement and his LHM interrogation are non-cumulative, relevant, and helpful to the preparation of the Defense.

4. **Ruling**. The Defense motion is **GRANTED**.

5. **Order**. Not later than **4 February 2022**, the Prosecution shall:

a. Disclose to the Defense any CIA records related to Camp 7 that reference Mr. Bin al Shibh's detention, treatment, and conditions, or his 2007 LHM interrogations.

b. Notify the Commission that it has complied with this ruling. In the notice, the Prosecution will advise the Commission whether (or not) such records exist that have not previously been provided to the Defense.

So **ORDERED** this 11th day of January, 2022.

//s//
MATTHEW N. MCCALL, Colonel, USAF
Military Judge
Military Commissions Trial Judiciary

---

[15] *See* AE 711B (RBS) at 2.

3