UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JASON LEOPOLD,                              )
                                            )
    Plaintiff,                              )
                                            )
v.                                          ) Civ. Act. No. 1:13-cv-1324 (JEB)
                                            )
UNITED STATES DEPARTMENT OF JUSTICE, )
                                            )
    Defendant.                              )
_____ )

DECLARATION OF STEVEN AFTERGOOD

1. My name is Steven Aftergood. I am a senior research analyst at the Federation of American Scientists, a non-profit research and advocacy organization. I direct the Federation's Project on Government Secrecy, which seeks to illuminate and reduce the scope of national security secrecy. I am responsible for preparation of the Federation newsletter *Secrecy News*, which monitors and reports on developments in government secrecy policy. I have authored numerous publications on national security classification policy, including "Reducing Government Secrecy: Finding What Works," *Yale Law & Policy Review*, v. 27, no. 2 (2009) and "An Inquiry Into the Dynamics of Government Secrecy," *Harvard Civil Rights-Civil Liberties Law Review*, vol. 48, no. 2 (Summer 2013).

2. The purpose of this declaration is to identify several features of the national security classification system that are pertinent to this proceeding.

3. The national security classification system is established by executive order, not by statute. Its scope and its provisions are therefore subject to unilateral interpretation and reinterpretation by the executive branch. The executive order that currently governs classification policy is Executive Order 13526 of December 29, 2009.

4. Classified national security information can only be generated upon the authority of the President, as delegated to agency heads and their subordinates. Congress is not authorized within this framework to create newly classified information.

5. Likewise, congressional documents that contain classified information (e.g., hearing records, staff reports, budget documents) cannot be declassified by Congress. Rather, they must undergo declassification by the responsible executive branch authority.

6. The Senate Intelligence Committee does assert a hypothetical right to publicly disclose classified information on its own volition, pursuant to procedures in Section 8 of Senate Resolution 400 of the 94th Congress (1976). But the validity of those procedures is not acknowledged by the executive branch. And in any case, the Committee has never once acted to disclose information or records under this Section. Accordingly, the classification and declassification of information remains a subject of exclusive executive branch control.

7. "Special access programs" are classified programs that are deemed to be particularly sensitive or vulnerable to disclosure, and are therefore subjected to security controls above and beyond those of "ordinary" (or so-called "collateral") classified information. Special access programs may pertain to intelligence programs, acquisition

activities, or military operations. The creation of special access programs is authorized by the President in Executive Order 13526, section 4.3.

8. "Sensitive compartmented information" or SCI refers to classified information that is derived from intelligence sources and methods. SCI is in effect a subset of the broader category of special access programs.

9. Eligibility for access to SCI is determined by standards and procedures established by the Director of National Intelligence in Intelligence Community Directive 704 of October 1, 2008.

10. Access to SCI does not apply categorically to all SCI. Instead, it is determined on a program by program (or compartment by compartment) basis.

11. Congressional access to SCI is normally limited to members and staff of the relevant authorization and appropriations committees. The executive branch is required by law (the National Security Act of 1947, as amended) to notify certain members of Congress regarding covert action, significant intelligence activities, significant intelligence failures, and violations of law. As a matter of course, classified intelligence information is also presented to Congress as part of the budget request and justification process.

12. However, the extent of such disclosures to Congress is considered to be a matter of executive discretion, and it varies over time and circumstance.

13. As with other classified information, Congress is not authorized to generate Sensitive Compartmented Information on its own. Nor may Congress remove SCI controls that have been imposed by the executive branch.

I affirm under penalty of perjury that the foregoing is true and accurate to the best of my knowledge and belief.

_____
STEVEN AFTERGOOD

February 18, 2014