UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                  )
JASON LEOPOLD,                        )
                                                  )
                        Plaintiff,          )
                                                  )   Case No.  1:13-cv-01324-JEB
                                                  )
        v.                                     )
                                                  )
UNITED STATES                         )
DEPARTMENT OF JUSTICE    )
                                                  )
                        Defendant.      )
_____)

**DECLARATION OF VANESSA R. BRINKMANN**

I, Vanessa R. Brinkmann, declare the following to be true and correct:

    1)        I am the Senior Counsel of the Office of Information Policy (OIP), United States Department of Justice (Department).  In this capacity, I am responsible for supervising the handling of the Freedom of Information Act (FOIA) requests processed by the Initial Request (IR) Staff of OIP.  The IR Staff of OIP is responsible for processing FOIA requests seeking records from within OIP and from six senior leadership offices at the Department, specifically the Offices of the Attorney General, Deputy Attorney General, Associate Attorney General, Legal Policy, Legislative Affairs, and Public Affairs.  The IR Staff determines whether records responsive to access requests exist and, if so, whether they can be released in accordance with the FOIA.  In processing such requests, the IR Staff consults with personnel in the senior leadership offices and, when

appropriate, with other components within the Department, as well as with other Executive Branch agencies.

2) I make the statements herein on the basis of personal knowledge, as well as on information acquired by me in the course of performing my official duties.

## PLAINTIFF'S FOIA REQUEST

3) By letter dated August 16, 2013, plaintiff sent a FOIA request to the Department's Office of Public Affairs, which subsequently forwarded the request to OIP, where it was received on September 23, 2013. This request sought the Department's copy of the 300-page executive summary of a 6,000-page report produced by the Senate Select Committee on Intelligence (SSCI) as a result of its study of the Central Intelligence Agency's former detention and interrogation program [hereafter "SSCI Report" or "Report"]. This request also sought expedited processing pursuant to 28 C.F.R. § 16.5(d)(1)(iv), which pertains to matters of "widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." (A copy of plaintiff's August 16, 2013 letter is attached hereto as Exhibit A.)

## OIP'S DETERMINATION THAT THE RECORD SOUGHT BY PLAINTIFF IS NOT AN AGENCY RECORD SUBJECT TO THE FOIA

4) The disclosure provisions of the FOIA apply only to "agency records." At the time OIP received plaintiff's FOIA request, I had, in connection with the handling of a previous FOIA request for the SSCI Report, made a determination that any copy of the SSCI Report in the Department's possession is not an "agency record" that is subject to

the FOIA. Rather, based on information I obtained during the course of my official duties, as detailed below, I concluded that the SSCI Report is a Congressional record that remains under the control of Congress. As such, the SSCI Report is not subject to the disclosure provisions of the FOIA.

5) Specifically, in February 2013, seven months prior to the receipt of plaintiff's request, OIP received a FOIA request seeking a copy of the entire SSCI Report, including the executive summary sought by plaintiff. Upon receipt of that request, OIP made inquiries within the Department, including the Office of Legislative Affairs (OLA), and to other relevant federal agencies, regarding the circumstances under which copies of the SSCI Report had been provided to the Executive Branch. Through these inquiries, OIP learned that the SSCI Report, including the executive summary now sought by plaintiff, is in fact a highly classified document that was drafted and subsequently provided by SSCI to the Department and other relevant Executive Branch agencies to allow those Executive Branch entities to provide edits or comments on the Report for SSCI's consideration prior to SSCI finalizing the Report. As a result, while the Department has received copies of the SSCI Report, the Department does not control the disposition of the Report. I have not identified any actions the Department has undertaken which would suggest otherwise. The decisionmaking authority on the amendment, finalization, and dissemination of the Report rests with SSCI.

6) As the attached letter from SSCI Chairman Dianne Feinstein makes clear, SSCI provided the Report to the President and certain Executive Branch agencies for the specific and limited purpose of soliciting suggested Executive Branch edits and

comments for SSCI consideration.  (Chairman Feinstein's December 14, 2012 letter is attached hereto as Exhibit B.)  SSCI Staff Director David Grannis, in an e-mail to OLA the day before Chairman Feinstein's letter was sent, details explicit instruction of the Chairman, as specified in a motion adopted by the Committee, that SSCI would only provide copies of its Report to specific individuals identified to the Chairman herself – noting, by way of reference, that another agency has a mere two names on its list of cleared individuals.   (Staff Director Grannis' e-mail to OLA, dated December 13, 2012, is attached hereto as Exhibit C.)  These documents establish that before SSCI would share copies of its own Report with the Executive Branch, the Committee established the narrowly defined purpose and extremely limited access under which it was willing to provide this SSCI document to federal agencies.

7)     The SSCI Report was provided to the Department of Justice under strict controls, for the explicit purpose of conducting the information review described by Chairman Feinstein.  Subject to Executive Branch classification review to protect against the public disclosure of classified information, SSCI has reserved complete control over the decision to make any public release of the document once Executive Branch comments are provided to SSCI for review.  The controls that were placed on the Report by SSCI through the e-mail from Staff Director Grannis and subsequent communications between SSCI and OLA staff following up on that e-mail and the letter from Chairman Feinstein, are clear, extensive, and indicate in no uncertain terms the Committee's intent to retain full control over the distribution, dissemination, and ultimate disposition of the Report from the very outset.

8)      Information within the SSCI Report is classified as Top Secret/Sensitive Compartmented Information (SCI). SCI is classified information concerning, or derived from, intelligence sources, methods, or analytical processes requiring handling within formal access control systems. SCI is sometimes referred to as "codeword" information, and its sensitivity requires that it be protected in a much more controlled environment than other classified information.[1] SSCI separately marked each paragraph of the Report itself with the appropriate classification markings, and most paragraphs are marked at the highest classification level contained in the document. In addition, before providing any copies of the SSCI Report to the Department, SSCI required OLA to submit the names of individuals who would review the Report for authorization by SSCI's Chairman. Indeed, the first list of Department names was deemed by SSCI to be too broad; a more limited list was subsequently agreed to by the Committee, and a few additional names were later added to the list, and approved by the SSCI Chairman. In all, SSCI approved eleven individuals from the entire Department to have access to the report for the purpose of conducting the requested review. Moreover, and further demonstrating the narrow breadth of the Department's access, SSCI provided only a limited number of copies of the SSCI Report to the Department, with the understanding that they would not be reproduced. These copies remain stored within Department Sensitive Compartmented Information Facilities (SCIFs)[2], and can only be accessed and reviewed by those

---

[1] *See, e.g.*, http://www.dhs.gov/xlibrary/assets/foia/mgmt_directive_11043_sensitive_compartmented_information_program_management.pdf

[2] SCIFs are accredited facilities which must meet uniform security requirements established by the Office of the Director of National Intelligence, and are the only facilities in which SCI information may be stored, used, discussed, and/or processed. *See, e.g.*, http://www.dni.gov/files/documents/ICD/ICD_705_SCIFs.pdf

individuals previously approved by SSCI and who possess the requisite security clearances. These factors have significantly limited the distribution of the SSCI Report within the Department to a select number of individuals, and have restricted those individuals' access to the controlled restraints articulated by SSCI.

9) Based on the totality of these factors, I concluded that the SSCI Report is a Congressional record, rather than an Executive Branch agency record, as SSCI maintains control over the Report. More specifically, I considered four factors, specifically (a) whether the document creator (i.e., SSCI) intended to relinquish control over the record; (b) whether the Department of Justice was authorized to use and dispose of the record as it sees fit; (c) the extent to which agency personnel have read or relied upon the document; and (d) whether the document is integrated into the Department's records systems and files. I concluded that the circumstances and explicit instructions under which SSCI, the Congressional committee that prepared the Report, provided the document to the Executive Branch demonstrated a clear intent to retain control over access to and dissemination of the SSCI Report, to preclude the Department's ability to use the document "as it sees fit." The Department of Justice, in turn, has placed close hold restrictions on Department employees' use of and access to the document in consideration of this congressional intent (as well as its high level of classification), and the document therefore has been reviewed by only a limited number of employees, and has not been relied upon during the course of Department business, or integrated into Department records systems. I have been unable to identify any factors which suggest that the Department has effected agency control over the SSCI Report. My assessment of

the relevant factors therefore left no doubt as to Congress' intent to retain control over the document, or of the Department's handling of the document consistent with that intent. OIP responded accordingly to the aforementioned February 2013 FOIA request, advising that the SSCI Report is not an agency record subject to the FOIA.

## OIP'S FINAL RESPONSE TO PLAINTIFF'S FOIA REQUEST

10) Upon receipt of plaintiff's FOIA request, I re-visited and confirmed the above-described factors that led to my prior determination that the SSCI Report is not an agency record subject to the FOIA, and determined that the SSCI Report, and in particular, the Executive Summary of the SSCI Report, is still clearly a Congressional record that is not subject to the FOIA. As explained above, I considered in detail the intentions and explicit instructions of the Congressional committee which created the record; the actions of the Department in accordance with those intentions and instructions, including the very limited access to the document by a handful of Department employees; and the facts that the document has not been used or relied upon by Department personnel in conducting agency business, and the Department does not have decisonmaking authority regarding the final amendments to or dissemination of the document. Therefore, at the time of plaintiff's FOIA request, and today, I determined that the Executive Summary of the SSCI Report is not an agency record and is not subject to plaintiff's or any other FOIA request.

11) By letter dated November 6, 2013, OIP responded to plaintiff's request, advising that the document plaintiff sought is a Congressional record, not an agency record, and therefore not subject to the FOIA. OIP's response also granted plaintiff's

request for expedited processing. (A copy of OIP's November 6, 2013 letter to plaintiff is attached hereto as Exhibit D.)

       I declare under penalty of perjury that the foregoing is true and correct.

                                                _____
                                                Vanessa R. Brinkmann

Executed this 24th day of January, 2014.

# Exhibit B



DIANNE FEINSTEIN, CALIFORNIA, CHAIRMAN
SAXBY CHAMBLISS, GEORGIA, VICE CHAIRMAN

JOHN D. ROCKEFELLER IV, WEST VIRGINIA — OLYMPIA J. SNOWE, MAINE
RON WYDEN, OREGON — RICHARD BURR, NORTH CAROLINA
BARBARA A. MIKULSKI, MARYLAND — JAMES E. RISCH, IDAHO
BILL NELSON, FLORIDA — DANIEL COATS, INDIANA
KENT CONRAD, NORTH DAKOTA — ROY BLUNT, MISSOURI
MARK UDALL, COLORADO — MARCO RUBIO, FLORIDA
MARK WARNER, VIRGINIA

HARRY REID, NEVADA, EX OFFICIO
MITCH McCONNELL, KENTUCKY, EX OFFICIO
CARL LEVIN, MICHIGAN, EX OFFICIO
JOHN McCAIN, ARIZONA, EX OFFICIO

DAVID GRANNIS, STAFF DIRECTOR
MARTHA SCOTT POINDEXTER, MINORITY STAFF DIRECTOR
KATHLEEN P. McGHEE, CHIEF CLERK

# United States Senate

SELECT COMMITTEE ON INTELLIGENCE
WASHINGTON, DC 20510-6475

December 14, 2012

The President
The White House
1600 Pennsylvania Avenue NW
Washington, DC 20500

Dear Mr. President:

I am pleased to inform you that the Senate Select Committee on Intelligence has completed its study of the CIA's former detention and interrogation program, and has produced a 6,000 page report, complete with an executive summary, findings, and conclusions. Yesterday, the Committee approved the report by a vote of 9-6. I will be providing a copy of the report for your review as it involves the implementation of a program conducted under the authority of the President.

This review is by far the most comprehensive intelligence oversight activity ever conducted by this Committee. We have built a factual record, based on more than six million pages of Intelligence Community records. Facts detailed in the report are footnoted extensively to CIA and other Intelligence Community documents. Editorial comments are kept to a minimum, clearly marked, and included to provide context. We have taken great care to report the facts as we have found them.

I am also sending copies of the report to appropriate Executive Branch agencies. I ask that the White House coordinate any response from these agencies, and present any suggested edits or comments to the Committee by February 15, 2012. After consideration of these views, I intend to present this report with any accepted changes again to the Committee to consider how to handle any public release of the report, in full or otherwise.

The report contradicts information previously disclosed about the CIA detention and interrogation program, and it raises a number of issues relating to how the CIA interacts with the White House, other parts of the Executive Branch,

and Congress. Recognizing the many important issues before you, I urge you to review or get briefed on the report as soon as possible. I will be pleased to make myself, and staff, available to discuss the report at your convenience.

Sincerely yours,

Dianne Feinstein
Chairman

cc: Mr. Michael Morell, Acting Director, Central Intelligence Agency
The Honorable James Clapper, Director of National Intelligence
The Honorable Eric Holder, Attorney General
The Honorable Leon Panetta, Secretary of Defense
The Honorable Hillary Clinton, Secretary of State