# Attachment I

MILITARY COMMISSIONS TRIAL JUDICIARY
GUANTANAMO BAY, CUBA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KHALID SHAIKH MOHAMMAD,<br>WALID MUHAMMAD SALIH<br>MUBARAK BIN 'ATTASH,<br>RAMZI BIN AL SHIBH,<br>ALI ABDUL AZIZ ALI,<br>MUSTAFA AHMED ADAM<br>AL HAWSAWI | AE 779G<br><br>RULING AND ORDER<br><br>Mr. al Baluchi's Motion to Compel Discovery Regarding Interagency Processes to Obtain Statements from the Defendants<br><br>8 March 2022 |

1. **Procedural History**.

   a. On 12 March 2020, Mr. Ali (a.k.a. al Baluchi) moved the Commission to compel production of "unredacted versions of all documents related to the interagency policy processes undertaken as part of the effort to obtain statements from the defendants."[1] Mr. Ali lists four specific examples:

   (1) The interagency coordination that resulted in FBI/CITF access to the defendants at Guantanamo, including the 10 January 2007 FBI guidance on "historical narrative" interviews;

   (2) The interagency coordination by the High Value Detainee Prosecution Task Force, to the extent that it involved the effort to obtain statements from the defendants, including FBI/CITF access to the "buckets" of CIA and other documents contained on CIA systems;

   (3) The interagency coordination by the Special Detainee Follow-Up Group, to the extent that it involved conditions of confinement, access to detainees, or other aspects of the effort to obtain statements from the defendants; and

   (4) The interagency coordination by the Special Leadership Oversight Committee, to the extent that it involved conditions of confinement, access to detainees, or other aspects of the effort to obtain statements from the defendants[.][2]

---

[1] AE 779 (AAA), Mr. al Baluchi's Motion to Compel Discovery Regarding Interagency Processes to Obtain Statements from the Defendants, filed 12 March 2020, at 1.
[2] *Id*.

1

Mr. Ali argues that these documents should have been produced pursuant to the Commission's order in AE 538AA / AE 561T.[3]

b. On 1 April 2020, the Prosecution responded,[4] opposing the motion. On 8 April 2020, Mr. Ali replied to the Prosecution's response.[5]

c. The parties presented unclassified oral argument on 3 and 4 November 2021[6] and classified oral argument on 12 November 2021.[7]

2. **Law**.

a. **Burden of Proof**. As the moving party, the Defense bears the burden of proving any facts prerequisite to the relief sought by a preponderance of the evidence.[8]

b. **Discovery**.

i. Information is discoverable if it is material to the preparation of the defense or exculpatory.[9] The Defense is also entitled to information if there is a strong indication it will play an important role in uncovering admissible evidence; assist in impeachment; corroborate testimony; or aid in witness preparation.[10] Finally, information is discoverable if it is material to sentencing.[11]

---

[3] *Id*.; *see* AE 538AA / AE 561T Order, Defense Motion to Compel FBI Manual for Terrorism Interrogation and Defense Motion to Compel Information Regarding Non-CIA Requests for Black Site Interrogation, dated 25 October 2019.
[4] AE 779A (GOV), Government Response To Mr. Ali's Motion to Compel Discovery Regarding Interagency Processes to Obtain Statements from the Defendants, filed 1 April 2020.
[5] AE 779B (AAA), Mr. al Baluchi's Reply to Government's Response to Mr. al Baluchi's Motion to Compel Discovery Regarding Interagency Processes to Obtain Statements from the Defendants, filed 8 April 2020.
[6] *See* Unofficial/Unauthenticated Transcript, *United States v. Khalid Shaikh Mohammad et al.*, 3 November 2021, at pp. 34429 – 34487; 4 November 2021, at pp. 34503 – 34565.
[7] *See* Transcript, 12 November 2021, at pp. 35686 – 35705 (TOP SECRET//ORCON/NOFORN).
[8] Rule for Military Commissions (R.M.C.) 905(c)(1)-(2).
[9] R.M.C. 701(c)(1-3) and (e); *Brady v. Maryland*, 373 U.S. 83, 87-88 (1963).
[10] *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993).
[11] R.M.C. 701(e)(3).

2

ii. As in any criminal case, the Prosecution in a military commission is responsible to determine what information it must disclose in discovery.[12] "[T]he prosecutor's decision on disclosure is final. Defense counsel has no constitutional right to conduct his own search of the State's files to argue relevance."[13] It is incumbent upon the Prosecution to execute this duty faithfully, because the consequences are dire if it fails to fulfill its obligation.[14]

3. **Analysis and Findings**.

a. In 2019, the Commission issued AE 538AA / AE 561T, a ruling defining the scope of the Prosecution's discovery obligations regarding cooperation between the Central Intelligence Agency (CIA), the Federal Bureau of Investigation (FBI), and the Department of Defense (DOD) in the effort to obtain "letterhead memorandum (LHM) statements" from the Accused. The Commission ordered as follows:

> The government shall produce all documents that are known or reasonably should be known to any government officials who participated in the investigation and prosecution of the case against these five Accused that reasonably tend to show cooperation between the CIA, FBI, and Department of Defense in the effort to obtain statements from these five Accused. This includes evidence which tends to show that statements obtained from these five Accused while in CIA custody were used to obtain evidence that could be used against these five Accused during the current trial. The military commission finds that such evidence is discoverable under R.M.C. 701.[15]

b. In this motion, Mr. Ali proffers that representatives of multiple agencies, including the CIA, FBI, and DOD, coordinated for approximately six weeks prior to the FBI Office of General Counsel's issuance of guidelines regarding detainee interviews.[16] He also identifies three specific

---

[12] R.M.C. 701(b)-(c); *United States v. Briggs*, 48 M.J. 143 (C.A.A.F. 1998); *Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987).
[13] *Ritchie*, 480 U.S. at 59.
[14] *See United States v. Stellato*, 74 M.J. 473 (C.A.A.F. 2015) (finding no abuse of discretion in military judge's dismissal with prejudice of charges due to a Prosecution discovery violation); *United States v. Bowser*, 73 M.J. 889 (A.F. Ct. Crim. App. 2014), *summarily aff'd* 74 M.J. 326 (C.A.A.F. 2015) (same).
[15] AE 538AA / AE 561T at 8.
[16] *See* AE 779 (AAA) at 9 (*citing* AE 538C, Mr. al Baluchi's Reply to Government's Response to Motion to Compel FBI Manual for Terrorism Interrogation, at Attachments E, F).

3

interagency coordination groups – the High-Value Detainee Prosecution Task Force, the Special Detainee Follow-Up Group, and the Senior Leadership Oversight Committee (collectively referred to as "the Groups" in this Ruling) – which coordinated efforts leading up to Mr. Ali's January 2007 interview.[17] All of these processes and groups appear to involve cooperation between the CIA, FBI, and DOD.

    c. On 16 January 2018, in its response to one of Mr. Ali's discovery requests, the Prosecution responded, "Interagency documents relating to the policy process that occurred prior to the FBI/CITF interviews of your client are not discoverable pursuant to R.M.C 701."[18] The Commission notes that this response predates the order in AE 538AA / AE 561T by 22 months. . Notwithstanding the Commission's ruling in AE 538AA / AE 561T, the Prosecution maintains that the information Mr. Ali moves to compel is outside the scope of the Commission's order and is not discoverable.[19] The Commission disagrees.

    d. The Commission finds that evidence pertaining to interagency cooperation in efforts to obtain statements from these five Accused is material to the preparation of the Defense, and is therefore discoverable under R.M.C. 701.

4. **Ruling**. The Defense motion is **GRANTED**.

5. **Order**. Not later than **8 April 2022**, the Prosecution shall:

    a. Disclose to the Defense records related to interagency cooperation in the effort to obtain statements from the five Accused in January 2007, including but not limited to:

---

[17] *See id.* at 7.
[18] AE 779 (AAA) at 22.
[19] "While Mr. Ali provides a non-exhaustive list of 'interagency structures' operating in 2006–2007, he is not entitled to all unredacted documents associated with those entities simply because he can name them." AE 779A (GOV) at 8.

(1) The interagency coordination that resulted in FBI/CITF access to the defendants at Guantanamo, including the 10 January 2007 FBI guidance on "historical narrative" interviews;

(2) The interagency coordination by the High Value Detainee Prosecution Task Force, to the extent that it involved the effort to obtain statements from the defendants, including FBI/CITF access to the "buckets" of CIA and other documents contained on CIA systems;

(3) The interagency coordination by the Special Detainee Follow-Up Group, to the extent that it involved conditions of confinement, access to detainees, or other aspects of the effort to obtain statements from the defendants; and

(4) The interagency coordination by the Special Leadership Oversight Committee, to the extent that it involved conditions of confinement, access to detainees, or other aspects of the effort to obtain statements from the defendants.

b. Notify the Commission that it has complied with this Ruling. In the notice, the Prosecution will advise the Commission whether (or not) such records exist that have not previously been provided to the Defense.

c. If the Prosecution seeks relief through exercise of privilege or through summaries and/or substitutions, it must follow the procedures in M.C.R.E. 505 or M.C.R.E. 506, as appropriate. Motions for such relief shall be filed not later than **8 April 2022**.

So **ORDERED** this 8th day of March, 2022.

//s//
MATTHEW N. MCCALL, Colonel, USAF
Military Judge
Military Commissions Trial Judiciary
