UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES G. CONNELL, III, <br><br> *Plaintiff,* <br><br> v. <br><br> CENTRAL INTELLIGENCE AGENCY, <br><br> *Defendant*. | Civil Action No. 21-0627 (CRC) |

**DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Federal Rule of Civil Procedure 56(b) and Local Civil Rule 7(h), Defendant Central Intelligence Agency ("CIA" or "Agency") respectfully submits this statement of undisputed material facts in support of its Motion for Summary for Judgment (ECF Nos. 13 and 13-1). The information herein is largely repeated from the declaration of Vanna Blaine and the exhibits attached to Ms. Blaine's declaration, filed in support of the CIA's Motion for Summary Judgment (ECF No. 14). The declaration of Ms. Blaine, and accompanying attachments, support the following statement of material facts as to which there is no genuine dispute:

1. By letter dated May 23, 2017, Plaintiff submitted a FOIA request to the CIA. *Id.* at ¶ 8; *see also* Exhibit A.

2. By letter dated October 24, 2017, the CIA acknowledged receipt of Plaintiff's request and assigned it reference number F-2017-01877. Blaine Decl. at ¶ 9; *see also* Exhibit B.

3. By letter dated February 8, 2018, the CIA informed Plaintiff that his "request, as written, is quite broad and cannot be searched as it lacks specificity." Blaine Decl. at ¶ 10; *see also* Exhibit C. The CIA asked Plaintiff to provide more details about his request in order to understand what information he was trying to obtain. *Id.*

4.      By letter dated March 8, 2018, Plaintiff responded and agreed to limit his request to the period of time of "1 September 2006 to 31 January 2007." Blaine Decl. at ¶ 11; *see also* Exhibit D. Plaintiff clarified that he was "seeking to determine what 'operational control' means" and provided the following "list of possible topics:"

> (1) Whether CIA "operational control" included only Camp 7 or extended to other facilities such as Echo 2;
> (2) What organization had decision-making authority over Camp 7;
> (3) Whether CIA "operational control" ended before or after 31 January 2007;
> (4) Whether the "operational control" involved CIA personnel, whether employees or contractors;
> (5) Any detainee records maintained by the CIA during the period of "operational control," such as Detainee Inmate Management Systems records or the equivalent;
> (6) How other agencies would obtain access to detainees during the period of "operational control," such as a Memorandum of Understanding with the Federal Bureau of Investigation or Criminal Investigative Task Force;
> (7) How the facilities transitioned from CIA "operational control" to DOD "operation control."

*Id*. Plaintiff stated "that by listing these topics, [he was] not implying that responsive information actually exists, only that [he] would be interested if it did exist." *Id.*

5.      By letter dated May 4, 2018, the CIA acknowledged receipt of Plaintiff's March 8, 2018 letter, and acknowledged that Plaintiff had amended his initial FOIA Request. Specifically, the CIA acknowledged that Plaintiff had limited the request to period of time of "1 September 2006 to 31 January 2007" and was now seeking to determine what "operational control" means by requesting documents on the seven possible topics that Plaintiff listed on his March 8, 2018 letter ("Amended FOIA Request"). Blaine Decl. at ¶ 12; *see also* Exhibit E.

6.      By letter dated September 29, 2020, the CIA responded to Plaintiff's Amended FOIA Request stating that it had completed a thorough search for records responsive to the request and had located a document consisting of three pages, which the CIA released in part to Plaintiff. Blaine Decl. at ¶ 13; *see also* Exhibit F. With respect to any other records, the CIA issued a

"*Glomar*"[1] response, indicating that the Agency can neither confirm nor deny the existence or nonexistence or records, as the fact of the existence of nonexistence of records was properly classified and protected from disclosure under FOIA Exemptions (b)(1) and (b)(3). *Id*.

7. By letter dated December 17, 2020, Plaintiff administratively appealed the CIA's response. Blaine Decl. at ¶ 14*; see also* Exhibit G.

8. Plaintiff filed this civil action on March 8, 2021. ECF No. 1.

9. The CIA filed its Answer on May 17, 2021. ECF No. 5.

10. By letter dated July 15, 2021, the CIA provided a final response to Plaintiff's Amended FOIA Request. Blaine Decl. at ¶ 16; s*ee also* Exhibit H.

11. In its response, the CIA informed Plaintiff that it had completed a thorough search for records that would reveal an unclassified or openly acknowledged association between the CIA and the subject of Plaintiff's Amended FOIA Request and had located two (2) documents, which the Agency released in part with redactions made on the basis of FOIA exemptions (b)(1), (b)(3), (b)(5), and (b)(6), and one (1) document that was withheld in its entirety based on FOIA exemptions (b)(1), (b)(3), and (b)(5). *Id.*

12. The CIA conducted thorough and diligent searches of relevant systems of records that were reasonably calculated to located responsive documents that might reflect an unclassified or otherwise openly acknowledged relationship between the CIA and the subject in Plaintiff's Amended FOIA Request. Blaine Decl. at ¶¶ 19-21.

13. The CIA employees who performed the searches had access to pertinent records;

---

[1] This term is derived from the case *Phillippi v. CIA*, 546 F.2d 1009 (D.C. Cir. 1976), which upheld the CIA's use of a "neither confirm nor deny" response to a FOIA request for records concerning the CIA's reported contacts with the media regarding Howard Hughes's ship, the "Hughes Glomar Explorer." *See* Blaine Decl. at ¶ 13, n. 1.

were knowledgeable about the CIA's records systems and were qualified to search those records. *Id.* at ¶ 19.

14. The CIA's search for potentially responsive records was limited to records that would reveal an unclassified or openly acknowledged relationship between the CIA and the subject of Plaintiff's Amended FOIA Request. *Id.* at ¶ 20.

15. The CIA employees conducted a search of previously released CIA records in a case management database called CADRE (a repository of all CIA records that have been reviewed and/or compiled for potential release, or that have been previously disclosed to the public). *Id.*

16. The CIA employees conducted the search using the following terms, including different variations and combinations of the terms: "Camp 7," "Echo 2," "operational control," "detainee records," "memorandum," "GTMO/GITMO/Guantanamo," "DOD," and "Department of Defense." *Id.* at ¶ 21. The search was limited to the time period from September 1, 2006 to January 31, 2007. *Id.*

17. The search yielded three responsive records, two of which were released to Plaintiff in part with redactions, and one document (CO6833121) that was withheld in its entirety. *Id.*

18. On July 29, 2021, Plaintiff notified the Court that he accepts the redactions to the two documents released in part by the CIA. ECF No. 7.

19. On April 28, 2022, Plaintiff conceded that CIA may withhold C06833121 in its entirety. ECF No. 23 at 6, n. 4.

20. With respect to any records that may reveal classified connection between the Agency and the subject of Plaintiff's Amended FOIA Request, the CIA issued a *Glomar* response, in accordance with section 3.6(a) of Executive Order 13526, as amended, refusing to confirm or deny the existence or nonexistence of such records, as the mere fact of existence or nonexistence

4

of such records is itself currently properly and properly classified and relates to CIA intelligence sources and methods, information that it protected from disclosure pursuant to FOIA exemptions (b)(1) and (b)(3). Blaine Decl. at ¶ 16; s*ee also* Exhibit H.

Dated: May __, 2022

Respectfully submitted,

MATTHEW M. GRAVES
D.C. Bar No. 481052
United States Attorney

BRIAN P. HUDAK,
Chief, Civil Division

*/s/ T Anthony Quinn*
<mark>STEPHANIE R. JOHNSON</mark>
D.C. Bar No. 415213
Assistant United States Attorney
United States Attorney's Office
Civil Division
601 D Street, NW
Washington, D.C. 20530
202-252-7558
tony.quinn2@usdoj.gov

*Attorneys for Defendant*